UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

LUZ MARIA MEDRANO BARCO,

Petitioner,

v.

FERETI SEMAIA, Warden (or Facility Administrator), et al,

Respondents.

Case No. 5:26-cv-05970-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**I.**

**PROCEEDINGS**

On October 8, 2026, petitioner Luz Maria Medrano Barco ("Petitioner"), represented by counsel, filed a "Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; Request for an Order to Show Cause Within Three (3) Days; Declaratory Relief" ("Petition"). (Docket No. 1). The Petition alleges the following claims for relief: (1) Petitioner's prolonged detention without any custody hearing violates her right to due process in violation of the Fifth Amendment; (2) Petitioner's detention without a bond hearing violates 8 U.S.C. § 1226(a); and (3)

Petitioner's deprivation of deferred action without notice or process violates her right to due process in violation of the Fifth Amendment. (Id. at 13-16).[1]

Pursuant to the General Order 26-05 and Briefing Schedule (Docket No. 5), Respondents were to enter their appearance no later than October 11, 2026, and were to file an Answer to the Petition on or before October 15, 2026. However, Respondents failed to appear and have not filed an Answer or otherwise responded to the Petition.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

## II.

## RELEVANT BACKGROUND[2]

Petitioner entered the United States at or near El Paso, Texas, on or about January 11, 2019, when she was sixteen years old. (Petition at ¶ 20). She travelled with her father and the two presented themselves to immigration authorities. (Id.). She was placed in a shelter in Texas for approximately five days and then released to relatives in Miami, Florida. (Id.).

Petitioner's father remained in the United States for roughly nine months and then returned to Guatemala, leaving her without any adult responsible for her care. (Id. at ¶ 21). Her older siblings were unwilling to assume responsibility for her, and the State of Florida took her into protective custody. (Id.).

On May 11, 2020, the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Juvenile Division, adjudicated Petitioner as a dependent under Chapter 39 of the Florida Statutes. (Id. at ¶ 22). On December 9, 2020, that court entered a Best Interest Order (Case No. 20-15113 D001, Hon. Vivianne Del Rio)

---

[1] Citation to the pleadings shall refer to the Court's CM/ECF pagination at the top of each page.

[2] The Background is taken from the Petition.

finding that Petitioner had been abused, abandoned, and neglected within the meaning of Fla. Stat. §§ 39.01(1), (2), and (50), that her father "failed to supply the child with adequate food, clothing, shelter, or health care," that reunification with either parent was not viable, and that "Returning Luz to Guatemala would be contrary to her best interest and welfare because Luz has no viable caretaker in Guatemala." (Id.). The same court entered an Order Extending Jurisdiction to permit her Special Immigrant Juvenile petition to be adjudicated. (Id., Petition Exhibit A).

Petitioner remained a dependent of the Florida Department of Children and Families, in foster care and then extended foster care, until she aged out. (Id. at ¶ 23).

On November 7, 2019, the Department of Homeland Security issued a Notice to Appear (Form I-862). (Id. at ¶ 24). The Notice to Appear checks the box stating that Petitioner is "an alien present in the United States who has not been admitted or paroled," and charges her as removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). (Id.). It does not allege that she is an arriving alien, and no expedited removal order was ever issued or vacated. (Id.; Petition Exhibit B).

On December 22, 2020, Petitioner filed a Form I-360 petition for Special Immigrant Juvenile classification. (Id. at ¶ 25). USCIS approved it on April 6, 2021 (Receipt No. MSC2190586003, classification SL6). (Id.; Petition Exhibit C).

On May 11, 2022, USCIS granted Petitioner deferred action based on her approved Special Immigrant Juvenile classification. USCIS issued her employment authorization, most recently a category (c)(14) Employment Authorization Document valid from May 10, 2024 through May 9, 2026, and she was issued a Social Security number on May 13, 2024. (Id. at ¶ 26; Petition Exhibit D).

Petitioner has never received any notice from USCIS terminating her deferred action. (Id. at ¶ 27).

On July 25, 2025, Immigration Judge Dalin Holyoak of the Miami Immigration Court administratively closed Petitioner's removal proceedings. (Id. at ¶ 28). The Department of Homeland Security opposed. (Id.). The Immigration Judge closed the case anyway, writing: "Respondent's request for SIJS has been approved by USCIS, and she is awaiting adjustment. DHS opposed. Administrative closure is in the interests of judicial economy as Respondent has a direct route to lawful permanent resident status." (Id.; Petition Exhibit E).

Between her entry in January 2019 and her detention in November 2025 - a period of nearly seven years - Petitioner was never subject to an order of supervision, an alternative to - detention program, electronic monitoring, or any ICE reporting requirement. (Id. at ¶ 29). She was never required to attend an ICE check-in, and she never missed one, because none was ever imposed. (Id.). She never departed the United States. She had no arrests of any kind. (Id.).

On October 9, 2025, Petitioner was at her home in Hollywood, Florida, with Daniel Steven Cole, a United States citizen and the father of her son. (Id. at ¶ 30). An argument escalated. (Id.). Mr. Cole came out of a bedroom with a baseball bat and began striking and breaking the light fixtures in the bathroom. (Id.). He then positioned himself near their infant son. (Id.). Believing he was about to harm the child, Petitioner moved toward him. (Id.). Mr. Cole retreated into a bedroom, locked the door, and called the police. (Id.). When officers arrived, Petitioner was arrested. (Id.).

In the patrol car, Petitioner slipped out of her handcuffs. (Id. at ¶ 31). Officers removed her from the vehicle and put her on the ground. (Id.). Her hair fell into her mouth, and when she moved to clear it an officer accused her of spitting at him. (Id.). She denied it then and denies it now. (Id.). The officers were equipped with body-worn cameras. (Id.).

/ / /

Petitioner was charged in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, Case No. 25011790CF10A, with three offenses: Battery on a Law Enforcement Officer; Battery (touch or strike); and Resisting or Obstructing an Officer Without Violence. (Id. at ¶ 32).

On August 27, 2026, the Circuit Court entered a Disposition Order reflecting nolle prosequi as to all three charges. (Id. at ¶ 33). The State abandoned the case in its entirety. (Id.). Petitioner was never convicted of, and never pleaded to, any offense. (Id.). She has no other criminal history of any kind. (Id.; Petition, Exhibit F).

On September 21, 2026, Petitioner's immigration counsel filed the Disposition Order with the Adelanto Immigration Court. (Id. at ¶ 34; Petition, Exhibit G). No custody review of any kind followed. (Id.).

On November 27, 2025, upon her release from the Broward County Jail, Petitioner was taken into the custody of U.S. Immigration and Customs Enforcement. (Id. at ¶ 35). Officers were waiting for her inside the jail at the property-release window. She was not shown an arrest warrant and was not given a copy of any document. (Id.). At the ICE office she was asked to sign a single sheet of paper, was asked whether she wished to see a judge, and answered that she did. (Id.). She was given no copy of what she signed. (Id.).

Petitioner was briefly held in Baker County, Florida, and was then transferred across the country to the Adelanto ICE Processing Center in San Bernardino County, California, where she has remained. (Id. at ¶ 36). She has been in immigration detention for 314 consecutive days as of the filing of this Petition, and 363 days have passed since her initial state arrest. (Id.).

On May 29, 2026, a hearing was convened before Immigration Judge Steven Marcus at which bond was to be addressed. (Id. at ¶ 37). Petitioner's pro bono counsel did not appear. (Id.). The Immigration Judge asked Petitioner whether she

wished to proceed without a lawyer. (Id.). She declined, stating that she needed her attorney present. (Id.). The Immigration Judge told her to request bond when she was ready and that a new date would be given. (Id.). No bond hearing was ever rescheduled or held. (Id.).

Petitioner did not renew the request because counsel advised her that bond would be denied while the criminal charges remained pending. (Id. at ¶ 38). Those charges were dismissed on August 27, 2026. (Id.). No custody hearing has been held since. (Id.).

To date, no Immigration Judge has ever made any custody determination in Petitioner's case. (Id. at ¶ 39). No neutral decision-maker has ever weighed her request for release, considered the dismissal of the criminal charges, considered her approved Special Immigrant Juvenile classification, or considered the Immigration Judge's July 2025 finding that she has a direct route to lawful permanent resident status. (Id.).

On August 24, 2026, Petitioner filed a signed Form I-485 application to adjust status, together with a Form EOIR-26A fee waiver request, with the Adelanto Immigration Court. (Id. at ¶ 40; Petition, Exhibit H). That application remains pending. (Id. at ¶ 40).

On October 2, 2026, the Adelanto Immigration Court issued a Notice of Hearing setting a master calendar hearing for November 6, 2026 at 1:00 p.m., by video. (Id. at ¶ 41; Petition Exhibit I). A master calendar hearing is a scheduling proceeding. (Id. at ¶ 41). It is not a bond hearing, and it will not result in any custody determination. (Id.).

Petitioner has a place to live and a family waiting for her. (Id. at ¶ 42). If released, she would return to 512 N. Highland Drive, Hollywood, Florida 33021, where her two-year-old United States citizen son, Daniel Steven Cole, Jr., born September 3, 2024, lives with his father. (Id.). She speaks with her son by video

once a week. (Id.). Her brother, Milton Gamaliel Medrano Barco, is a lawful permanent resident living approximately an hour away, and her brother José Medrano is also in the United States; both would assist her in attending every immigration hearing. (Id.).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised claims under the Due Process Clause of the Fifth Amendment, which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (internal quotation marks

omitted); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process.") (internal quotation marks omitted). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention"). Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural

requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

**IV.**

**DISCUSSION**

**A. Habeas Relief is Warranted.**

As noted, Respondents have elected not to appear in this action, despite the Court's order to do so.

Federal courts must decide cases based on the arguments the parties present. See United States v. Sineneng-Smith, 590 U.S. 371, 375–76 (2020); Greenlaw v. United States, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Sineneng-Smith, 590 U.S. at 375 (2020) (cleaned up). The Supreme Court has reminded the lower courts that they are "essentially passive instruments of government" who must adhere to the narrow questions raised by the parties. Margolin v. Nat'l Assoc. of Immigration Judges, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Here, Petitioner raises, *inter alia*, a claim that her detention without any pre-deprivation process violated her procedural due process rights under the Fifth Amendment and that the proper remedy is her release from custody. (Docket No. 1 at 15-18). This claim has been found to be a basis for habeas relief by numerous courts in this Circuit, including this one. See, e.g., Eddier David Taborda Loero v. James Janecka, et al, No. 5:26-cv-03713-DTB (Order Granting Petition for Writ of Habeas Corpus) ( (C.D. Cal. July 15, 2026).

Respondents elected not respond to the Petition and to Petitioner's claims, including her procedural due process claim. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis to reject her claim. Their failure to do so constitutes a forfeiture of the arguments they could have made in support of their position. See Martinez v. Sessions, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); Am. Int'l Enters., Inc. v. F.D.I.C., 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to search for a reason on their behalf - indeed, the party presentation principle requires the court to refrain from doing so. Sineneng-Smith, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that her claim that her detention is without lawful authority is unrefuted by Respondents. As numerous other courts have found in such circumstances, the Petition should therefore be

granted based on Respondent's failure to oppose the primary relief sought. See, e.g., Barajas-Bautista v. Warden, Desert View Annex, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); Soleimani v. Larose, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); N-E-M-B v. Wamsley, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Accordingly, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner to be released.

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that Judgment be entered: (a) Granting the Petition; (b) ordering Respondents to immediately release Petitioner Luz Maria Medrano Barco (A# 201-591-484) from custody subject to the same conditions (if any) that she was subject to at the time she was arrested and detained; (c) ordering Respondents to return all property and documents confiscated from Petitioner (if any) during her arrest and processing into detention; (d) enjoining Respondents and

their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without complying with all applicable statutes and regulations, including written notice and a pre-deprivation hearing before a neutral arbiter; and (e) ordering Respondents to file a status report within two (2) business days of the date of this Order to confirm that Petitioner's release from custody is subject to the same conditions (if any) that she was subject to at the time she was arrested and detained.

DATED: October 16, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE